## BEAN *v.* BECKWITH ET AL.

1. Whenever one justifies an act which in itself constitutes at common law a wrong, upon the process, order, or authority of another, he must set forth substantially and in a traversable form the process, order, or authority relied upon, and no mere averment of its legal effect, without other statement, will answer. Accordingly, where certain military officers of the United States, being sued for the arrest and imprisonment of a person in Vermont, not connected with the military service of the United States, alleged in their pleas that the arrest and imprisonment were made under the authority and by the order of the President, whose orders as commander in chief of the armies of the United States, by the rules and regulations of the army, they were bound to obey, without setting forth any order, general or special, of the President directing or approving of the acts in question, it was held that the pleas were defective and insufficient.

2. The act of March 3d, 1863, entitled "An act relating to habeas corpus, and regulating judicial proceedings in certain cases," and the act of March 2d, 1867, entitled "An act to declare valid and conclusive certain proclamations of the President, and acts done in pursuance thereof, or of his orders in the suppression of the late rebellion against the United States," do not change the rules of pleading, when the defence is set up in a special plea, or dispense with the exhibition of the order or authority upon which a party relies. Nor do they cover all acts done by officers in the military service of the United States simply because they are acting under the general authority of the President as commander in chief of the armies of the United States. Assuming that they are not liable to any constitutional objection, they only cover acts done under orders or proclamations issued by the President, or by his authority. ·

ON certificate of division of opinion between the judges of the Circuit Court for the District of Vermont; the case being thus:

An act of March 3d, 1863,* entitled "An act relating to habeas corpus, and regulating judicial proceedings in certain cases," enacts that "*any order of the President or under his authority,*" shall be a defence to any actions, &c., for any search, seizure, or arrest, &c., made, &c., *under and by virtue of such order,* or *under color of any law of Congress.*

A subsequent act, that of March 2d, 1867,† and entitled

---

* 12 Stat. at Large, 756.                    † 14 Id. 432.

"An act to declare valid and conclusive certain proclamations of the President, and acts done in pursuance thereof, or of his orders, in the suppression of the late rebellion against the United States," enacts:

"All acts, proclamations, and orders of the President of the United States, or acts done by his authority or approval after the 4th of March, 1861, and before the 1st of July, 1866, respecting martial law, military trials by courts martial or military commissions, or the arrest, imprisonment, and trial of persons charged with participation in the late rebellion against the United States, or as aiders or abettors thereof, or as guilty of any disloyal practice in aid thereof, or of any violation of the laws or usages of war, or of affording aid and comfort to rebels against the authority of the United States; and all proceedings and acts done or had by courts martial or military commissions, or arrests and imprisonments made in the premises by any person, by the authority of the orders or proclamations of the President, made as aforesaid, or in aid thereof, are hereby approved in all respects, legalized, and made valid, to the same extent and with the same effect as if said orders and proclamations had been issued and made, and said arrests, imprisonments, proceedings, and acts had been done under the previous express authority and direction of the Congress of the United States, and in pursuance of a law thereof, previously enacted and expressly authorizing and directing the same to be done. And no civil court of the United States, or of any State, or of the District of Columbia, or of any district or Territory of the United States, shall have or take jurisdiction of, or in any manner reverse, any of the proceedings had or acts done as aforesaid, nor shall any person be held to answer in any of said courts for any act done or omitted to be done in pursuance or in aid of any of said proclamations or orders, or by authority or with the approval of the President within the period aforesaid, and respecting any of the matters aforesaid, and all officers and other persons in the service of the United States, or who acted in aid thereof, acting in the premises shall be held *primâ facie* to have been authorized by the President; and all acts and parts of acts heretofore passed, inconsistent with the provisions of this act, are hereby repealed."

Between the date of these two acts, that is to say, in

August, 1865, Andrew Bean sued Daniel Beckwith and Gilman Henry, in trespass, for an alleged assault and battery upon him, and false imprisonment. The declaration averred that the defendants, in November, 1864, at Newbury, in the county of Orange, in the State of Vermont, assaulted and seized the plaintiff and carried him against his will to Windsor, in that State, and forced him into the State prison in that place, and confined him in a cell constructed for thieves and burglars and other convicts, for the space of seven months; and that by these means his health was destroyed, and he himself subjected to great distress and anguish of mind, and injured in his business, for which destruction of his health, distress, injuries, &c., he claimed damages from the defendants.

The defendants pleaded two pleas precisely alike with the exception of the form of their commencement. One of them averred that the plaintiff ought not to have and maintain his action by reason of the matters stated; the other averred that the cause by reason of these matters ought to be dismissed. The difference was of no consequence upon the questions presented for the consideration of the court.

Both pleas set up that at the time of the commission of the alleged grievances, and long previously, a rebellion existed against the laws and government of the United States, and that the public safety was greatly imperilled; that it became necessary to raise troops to suppress the rebellion and insure the public safety, and for that purpose troops were raised in the Northern States, and especially in the military district embracing the Second Congressional District of Vermont; that the defendant Henry was at the time a military officer of the United States, namely, a provost marshal within and for that district, and the defendant Beckwith was an assistant provost marshal within the same district; that in November, 1864, at Newbury, in the county of Orange, in the State of Vermont, the plaintiff was charged with having been guilty of disloyal practices in aid of the rebellion, and of affording aid and comfort to the rebels, to wit, with enticing soldiers, in June previous, to desert from the army of

the United States; that the defendants thereupon arrested the plaintiff "on the charges aforesaid," and delivered him to the keeper of the State prison for safe custody, until he could be brought before the civil tribunals of the United States upon those charges; that the plaintiff was there detained until May 1st, 1865, when he was brought before the United States commissioner and held to bail for his appearance before the Circuit Court on the fourth Tuesday of July following, to answer those charges; and that from his arrest until this last date, there was no session of the Circuit Court, nor any grand jury in attendance upon any court of the United States within the district.

The pleas also averred that in making the arrest, imprisonment, and detention, the defendant Henry acted in his military capacity of provost marshal, and the defendant Beckwith acted as his aid; that the arrest, imprisonment, and detention were made without unnecessary force and violence, "under the authority and by the order of the President of the United States, Abraham Lincoln, since deceased, whose orders as commander in chief of the armies of the United States, by the rules and regulations of the army, the defendants were bound to obey;" and that the arrest, imprisonment, and grievances in the declaration mentioned, were the same arrest, imprisonment, and detention thus set forth; concluding with an *absque hoc* as to the violence and other circumstances of aggravation and cruelty with which the original imprisonment and subsequent confinement are charged to have been accompanied.

To these pleas the defendants demurred generally, and the judges being divided in opinion as to their sufficiency, the question on certificate of division was, whether either was sufficient.

*Mr. E. J. Phelps, for the plaintiff,* argued:

1st. That the averments in the pleas did not bring the case within the terms of the statutes in question, or either of them.

2d. That if those statutes were to receive such a construc-

tion as would comprehend this case, then they were in contravention of the Constitution of the United States, and especially of articles four, five, and six of its amendments.

3d. That in any event both pleas were bad, as being pleaded to and assuming to answer the whole declaration, while the provisions of the statutes, even if applicable and constitutional, would afford a defence to only a part of it.

*Mr. S. F. Phillips, Solicitor-General, contra:*

1st. The facts set up amount to justification, and we rely on them as a justification under the first plea. They show that the plaintiff was guilty of a felony. All private persons had a right to arrest him, and the defendants did not lose their right by being military officers.

2d. The defendants are entitled to the benefit of the indemnity given by the act of 1867, and this they claim under the second plea.

The act is constitutional. As it concerns itself only in indemnifying United States officers against liabilities incurred in the colorable discharge of their duties as such, no objection can be made to it as being outside of the enumerated powers of the General government.

Mr. Justice FIELD, having stated the case, delivered the opinion of the court, as follows:

There is no averment in the pleas that at the time the plaintiff was arrested any rebellion existed in the State of Vermont, against the laws or government of the United States; or that any military operations were being carried on within its limits; or that the courts of justice were not open there, and in the full and undisturbed exercise of their regular jurisdiction; or that the plaintiff was in the military service of the United States, or in any way connected with that service.

Nor is there any averment in the pleas as to the manner in which, or the parties by whom the charges of disloyal practices were made. It is not alleged that they were stated in writing or supported by oath.

Nor do the pleas, whilst asserting that the acts, which are the subject of complaint, were done under the authority and by the order of the President, set forth any order, general or special, of the President directing or approving of the acts in question.

For this last omission all the judges are agreed, without expressing any opinion, upon the other omissions, that the pleas are defective and insufficient. It is an old rule of pleading, which, in the modern progress of simplifying pleadings, has not lost its virtue, that whenever one justifies in a special plea an act which in itself constitutes at common law a wrong, upon the process, order, or authority of another, he must set forth substantially and in a traversable form the process, order, or authority relied upon, and that no mere averment of its legal effect, without other statement, will answer. In other words, if a defendant has cause of justification for an alleged trespass, and undertakes to plead it, he must set it forth in its essential particulars, so that the plaintiff may be apprised of its nature and take issue upon it if he desires, and so that the court may be able to judge of its sufficiency.

The defendants intended by their pleas to rest the justification of their conduct upon the provisions of the act of March 3d, 1863, entitled "An act relating to Habeas Corpus, and regulating judicial proceedings in certain cases,"[*] and of the act of March 2d, 1867, entitled "An act to declare valid and conclusive certain proclamations of the President, and acts done in pursuance thereof, or of his orders, in the suppression of the late rebellion against the United States."[†]

These statutes were enacted, among other things, to protect parties from liability to prosecution for acts done in the arrest and imprisonment of persons during the existence of the rebellion, under orders or proclamations of the President, or by his authority or approval, who were charged with participation in the rebellion, or as aiders or abettors, or as being guilty of disloyal practices in aid thereof, or any

---

[*] 12 Stat. at Large, 756, § 4.                    [†] 14 Id. 432

violation of the usages or the laws of war.  Assuming for this case that these statutes are not liable to any constitutional objection, they do not change the rules of pleading, when the defence is set up in a special plea, or dispense with the exhibition of the order or authority upon which a party relies.  Nor do they cover all acts done by officers in the military service of the United States simply because they are acting under the general authority of the President as commander in chief of the armies of the United States. They only cover acts done under orders or proclamations issued by him, or under his authority; and there is no difficulty in the defendants setting forth such orders or proclamations, whether general or special, if any were made, which applied to their case.

The views thus expressed render it unnecessary to consider any other objections taken by the plaintiff to the pleas before us.

The questions certified must be ANSWERED IN THE NEGATIVE, and the cause

REMANDED FOR FURTHER PROCEEDINGS.